UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERIH YAKISIKLI,<br><br>                              Plaintiff,<br><br>-against-<br><br><br><br><br><br>AMERICAN FAMILY INSURANCE,<br><br>                              Defendant | Case No. 150446/2024<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, Richmond County<br>Index No. 150446/2024 |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, et seq., Defendant American Family Mutual Insurance Company, S.I., incorrectly sued herein as American Family Insurance, by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, PC, file this Notice of Removal with respect to the case identified as "*Merih Yakisikli v. American Family Insurance*" Case No. 150446/2024, from the Supreme Court of the State of New York, County of Richmond. In support of this Notice, Defendant states as follows:

## INTRODUCTION

1.      On or about March 4, 2024, Plaintiff Merih Yakisikli ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, County of Richmond, styled as *Merih Yakisikli v. American Family Connect Insurance Agency, Inc., American Family Insurance, Ms. Sharena Ali, Ms. Lucrecia Smooths, and Ms. Kayla Ogren*, Index No. 150446/2024. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.      Thereafter, on or about March 25, 2024, Plaintiff filed an Amended Complaint in the Supreme Court of the State of New York, County of Richmond. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit B**.

3.     On or about May 22, 2024, Plaintiff filed a Second Amended Complaint in the Supreme Court of the State of New York, County of Richmond, styled as *Merih Yakisikli v. American Family Insurance* ("State Court Action").  A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit C**.

4.     In the State Court Action, Plaintiff alleges violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for discrimination, harassment and retaliation in connection with her employment and termination. (Ex. C ¶¶ 89-169.)  Plaintiff further asserts state common law claims for aiding and abetting violations of the NYSHRL, negligent hiring, retention and supervision, and intentional infliction of emotional distress.  (*Id.* ¶¶ 170-202.)

5.     In accordance with 28 U.S.C. § 1446(a), Defendant provides a "short and plain statement of the grounds for removal."

## TIMELINESS OF REMOVAL

6.     On or about June 20, 2024, Defendant executed a Waiver of Service accepting service and affording Defendant thirty (30) days to respond to the Complaint, until July 20, 2024. A true and correct copy of the Wavier of Service is attached hereto as **Exhibit D**. Notably, Defendant was not served with the prior Complaints filed in this matter.

7.     This Notice of Removal is timely filed because Defendant is removing the case to this Court within the thirty-day timeframe in which to do so.  *See* 28 U.S.C. §§ 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relied upon which such action or proceeding is based, or within 30 days after the service of summons upon defendant").

2

8.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders received by Defendant are attached to the Declaration of Sarah Zucco in Support of this Notice of Removal ("Zucco Decl.") as Exhibits A-D.

**VENUE**

9.      This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).  The United States District Court for the Eastern District of New York embraces Richmond County, New York.  28 U.S.C. § 112(c).

10.     The Supreme Court of New York, County of Richmond, is located in the United States District Court for the Eastern District of New York.

11.     Therefore, venue for purposes of removal is proper under 28 U.S.C. § 1441(a) because the Eastern District of New York is the district court for the district and division within which the Complaint is pending.

**BASIS FOR REMOVAL:  DIVERSITY OF CITIZENSHIP**

12.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      The Parties are Citizens of Different States.**

13.     Individuals are considered citizens of the state where they are domiciled.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  An individual's domicile is the place where he has his "true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Corio*, 232 F.3d at 42 (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).

3

14.     Plaintiff alleges that, at all relevant times, she has been a resident of Richmond County, in New York.  (Ex. C ¶ 9.)

15.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *The Hertz Corporation v. Friend*, 130 S. Ct. 1181, 1184 (2010).  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.* at 1184.

16.     Defendant American Family Insurance is a corporation organized and existing under the laws of the State of Wisconsin, with a principal place of business in Madison, Dane County, Wisconsin.  (Zucco Decl. ¶ 2.)  Therefore, Defendant is a citizen of Wisconsin.

17.     The parties are diverse because Plaintiff is a citizen of New York and Defendant is a citizen of Wisconsin.

**B.      The Amount in Controversy Requirement is Satisfied.**

18.     Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

19.     In her Complaint, Plaintiff seeks compensatory damages for economic damages in excess of one million dollars.  (Ex. C ¶ 203(c).)

20.     Plaintiff also seeks non-monetary damages for emotional pain and suffering in excess of one million dollars.  (*Id.* ¶ 203(d).)

21.     Plaintiff further seeks damages in excess of one million dollars for "reputational harm and harm to professional reputation[.]"  (*Id.* ¶ 203(e).)

22.     Plaintiff also seeks punitive damages in excess of one million dollars.  (*Id.* ¶ 203(f).)

23.     In light of the demand in Plaintiff's Complaint, the amount in controversy is satisfied as it exceeds $75,000.

24.     Additionally, Plaintiff requests that the Court enter a declaratory judgment that Defendant engaged in the alleged violations of the NYSHRL.  (*Id.* ¶ 203(a).)

25.     Courts will aggregate claims for damages and declaratory relief for purposes of calculating the amount in controversy. *See Smulley v. Safeco Ins. Co. of Ill.*, No. 21-2124-cv, 2022 WL 16753118, at *1 (2d Cir. 2022). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp.,* 442 F.3d 767, 769 (2d Cir. 2006).

26.     Based on the foregoing, Defendant has shown by a preponderance of the evidence that the value of the monetary and declarative relief sought by Plaintiff in this case exceeds $75,000. Therefore, because the requirements of 28 U.S.C. § 1332 have been satisfied, this case is removable.

## CONCLUSION

27.     This case is a civil action based upon diversity of citizenship because the parties are citizens of different states and the amount in controversy has been met.  Accordingly, this case may be removed from the Supreme Court of the State of New York, County of Richmond, pursuant to 28 U.S.C. § 1441(b).

28.     Exhibits A-D represent all of the process, pleadings and orders served upon Defendant at the time of removal.

29.     To date, Defendant has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired.

30.     Defendant will serve copies of this Notice of Removal upon counsel for Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of Richmond, to effectuate removal to the United States District Court pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant respectfully gives notice that the above-captioned civil action pending the Supreme Court of the State of New York, Richmond County, is removed to this Court.


Dated: New York, New York
          July 18, 2024

                              Respectfully submitted,

                              OGLETREE, DEAKINS, NASH,
                                SMOAK & STEWART, PC

                              By:  */s/ Sarah M. Zucco*
                                   Sarah M. Zucco
                                   Maggie Delany
                              599 Lexington Avenue – 17th Fl.
                              New York, New York 10022
                              212.492.2500
                              sarah.zucco@ogletree.com
                              maggie.delany@ogletree.com

                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon counsel of record for Merih Yakisikli via overnight mail at the address listed in the Complaint.

/s/ Sarah M. Zucco
Sarah M. Zucco